**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA**

UNITED STATES OF AMERICA,
        Plaintiff,

v.

BLAKE HYNEK,
        Defendant.

Case No. CR 18-5590-RBL

**DETENTION ORDER**

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

This finding is based on 1) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence or involves a narcotic drug; 2) the weight of the evidence against the person; 3) the history and characteristics of the person including those set forth in 18 U.S.C. Sect. 3142(g)(3)(A)(B); and 4) the nature and seriousness of the danger release would impose to any person or the community.

*Findings of Fact/ Statement of Reasons for Detention*

**Presumptive Reasons/Unrebutted:**
( ) Conviction of a Federal offense involving a crime of violence. 18 U.S.C. Sect. 3142(f)(A)
( ) Potential maximum sentence of life imprisonment or death. 18 U.S.C. Sect. 3142(f)(B)
( X ) Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C. Sect. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. Sect. 951 et seq.) Or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)
( ) Convictions of two or more offenses described in subparagraphs (A) through (C) of 18 U.S.C. Sect. 3142(f)(1) of two or more State or local offenses that would have been offenses described in said subparagraphs if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

**Safety Reasons:**
( X ) Danger of instant offense and defendant's criminal history.

**Flight Risk/Appearance Reasons:**
( X ) Proposed residential placement address is a place where defendant had contact with other alleged participants in illegal drug distribution.
( X ) Defendant's criminal history includes numerous failures to appear and bench warrants from other Courts and also shows that defendant failed to comply with Court orders for electronic monitoring and drug treatment conditions

The defendant has produced information that the defendant's father would be supportive and provide a stable residence and loving environment; however the Court finds that even though the defense met the burden of production of some evidence that he has stable roots in the community, the defense evidence is outweighed by the significant risk that the defendant poses a danger to himself, the community and to others.

Defendant has ties to the community, and has a relationship with his immediate family; he lived in a residence where his father, who appeared on his behalf during the detention hearing, also resided. The number of contacts (through Facebook, and from alleged drug couriers meeting with the defendant) during 2017 and 2018 between the defendant and individuals who have been charged as allegedly participating in drug distribution would show that the defendant made a business of his drug-related activities. The defendant has an extensive history of drug abuse, and has been in treatment. The defendant has not produced sufficient information to counter-balance the risk that he will not follow conditions of supervision, that he will not appear for Court, or the risk of danger to himself, risk of danger to others who in the past have and in the future may purchase illegal drugs from the defendant, and danger to the community.

**The United States has overcome the defendant's burden of production, and met its burden of persuasion.**

**The Court is convinced there is no condition, nor a combination of conditions, sufficient to assure that the defendant would appear for court as required, -- nor are there any conditions that would be sufficient to mitigate the extreme risk that the defendant would pose a serious risk of danger to others and to the community. The Court finds the Government has shown by clear and convincing evidence, the defendant poses a risk to others and to the community. And, the Government has shown by preponderance of evidence, the defendant is likely to fail to appear, and not comply with conditions of supervision.**

**According to the pretrial services first supplemental report, the defendant has a long criminal history, dating back to 2005. His criminal history also includes at least 13 bench warrants for failure to appear.**

**Most recently, in 2015, the defendant was convicted of five misdemeanors; while on 12 months of active supervision in King County District Court, the defendant failed to comply with treatment, failed to report to probation, failed to pay legal financial obligations, refused urinalysis, and was terminated from electronic home monitoring because he did not comply with intensive outpatient treatment and failed to appear. He was ultimately terminated from supervision and ten days jail time were imposed. The defendant stated, during his federal pretrial and probation interview, that he has been using heroin since age 21 (he is currently 32) and was using one to two grams of heroin per day during the time period leading to his arrest. He also used methamphetamine every few days, and has been a methamphetamine user since age 23 or 24. He has repeatedly been in treatment programs, and found some benefit from methadone treatment; the defendant is interested in pursuing medically-assisted treatment. The defendant has significant physical and mental health problems, some of which are apparently connected to heroin use.**

**Regarding the circumstances of the instant offense, the complaint, Dkt. 1 at 11-15, alleges that the defendant was purchasing and selling high purity heroin from an alleged drug trafficking organization starting in December of 2017. The complaint also alleges that the defendant was arrested in September of 2018 in a separate DEA investigation for transporting three-quarters of a pound of methamphetamine. During this time, the defendant was living at his family's residence, although for a certain time period his father was away from home (approximately mid-November 2017 through April 2018); this is the residence that the defendant proposed as the placement for purposes of pretrial supervision.**

*Order of Detention*

- **The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.**
- **The defendant shall be afforded reasonable opportunity for private consultation with counsel.**
- **The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**December 18, 2018**

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge